IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>v.<br><br>SANDY ACOSTA,<br><br>           Defendant. | CRIMINAL ACTION<br>NO. 15-548 |

### ORDER

**AND NOW**, this 2nd day of November 2021, upon consideration of Defendant's Motion for Reconsideration (Doc. No. 58) and the Government's Response to the Motion for Reconsideration (Doc. No. 60), it is **ORDERED** that Defendant's Motion for Reconsideration (Doc. No. 58) is **DENIED**.[1]

---

[1] On March 4, 2016, Defendant Acosta pled guilty to her involvement in a money laundering scheme. (See Doc. Nos. 53 ¶¶ 1-2; 55 at 1.) Defendant entered her guilty plea pursuant to a plea agreement, which contained the following appellate waiver provision:

> In exchange for the promises made by the government in entering this plea Agreement, the defendant voluntarily and expressly waives all rights to appeal or collaterally attack the defendant's conviction, sentence, or any other matter relating to this prosecution, whether such a right to appeal or collateral attack arises under 18 U.S.C. § 3742, 28 U.S.C. § 1291, 28 U.S.C. § 2255, or any other provision of law.

(Doc. No. 55 at 2.)

Thereafter, Defendant was sentenced to seven months' imprisonment followed by three years supervised released. (See Doc. No. 53 ¶ 2.) After serving her prison sentence, Defendant began serving her three years of supervised release on March 6, 2019. (See id. ¶¶ 3-4.) The supervised release will terminate on March 5, 2022. (See Doc. No. 61.)

On May 6, 2021, Defendant filed a Motion for Early Termination of Supervised Release pursuant to 18 U.S.C. § 3583(e)(1). (Doc. No. 53.) The Government filed a Response in Opposition on July 14, 2021. (Doc. No 55.) The Court issued a Footnote Order on August 10, 2021 denying Defendant's Motion. (Doc. No. 57.) The Court explained that Defendant's plea agreement, which included the appellate waiver provision, was entered knowingly and

BY THE COURT:

      /s/ Joel H. Slomsky      
JOEL H. SLOMSKY, J.

---

voluntarily.  (Doc. No. 57 at 2.)  Further, the Court noted that the appellate waiver provision prevents her Motion for Early Termination.  (Id.)  The Court's decision was based largely on United States v. Damon, 933 F.3d 269 (3d Cir. 2019).  (Id.)

Defendant now files a Motion for Reconsideration of the Footnote Order denying her early termination of supervised release.  (Doc. No. 58.)  She claims that the Court's reliance on United States v. Damon was misplaced and that her plea agreement does not prevent early termination of her supervised released.  (Id. at 2.)  The Government filed a Response to the Motion for Reconsideration (Doc. No. 60), arguing that the Court correctly applied Third Circuit precedent and, in the alternative, Defendant has not shown why termination of her supervised released is justified.

"The purpose of a motion for reconsideration . . . is to correct manifest errors of law or fact or to present newly discovered evidence." Howard Hess Dental Labs. Inc. v. Dentsply Int'l, Inc., 602 F.3d 237, 251 (3d Cir. 2010) (quoting Max's Seafood Cafe ex rel. Lou-Ann, Inc. v. Quinteros, 176 F.3d 669, 677 (3d Cir. 1999) (quotation omitted)).  Thus, a proper motion for reconsideration "must rely on one of three grounds: (1) an intervening change in controlling law; (2) the availability of new evidence; or (3) the need to correct clear error of law or prevent manifest injustice." Wiest v. Lynch, 710 F.3d 121, 128 (3d Cir. 2013) (quoting Lazaridis v. Wehmer, 591 F.3d 666, 669 (3d Cir. 2010)).

However, "[a] motion for reconsideration 'addresses only factual and legal matters that the Court may have overlooked.  It is improper on a motion for reconsideration to ask the Court to rethink what it had already thought through—rightly or wrongly.'" In re Blood Reagents Antitrust Litig., 756 F. Supp. 2d 637, 640 (E.D. Pa. 2010) (quoting Glendon Energy Co. v. Borough of Glendon, 836 F. Supp. 1109, 1122 (E.D. Pa. 1993)).  Therefore, "[m]ere dissatisfaction with the Court's ruling . . . is not a proper basis for reconsideration." Progressive Cas. Ins. Co. v. PNC Bank, N.A., 73 F. Supp. 2d 485, 487 (E.D. Pa. 1999).  Furthermore, "[b]ecause federal courts have a strong interest in the finality of judgments, motions for reconsideration should be granted sparingly." In re Asbestos Products Liab. Litig. (No. VI), 801 F. Supp. 2d 333, 334 (E.D. Pa. 2011) (quoting Cont'l Cas. Co. v. Diversified Indus., Inc., 884 F. Supp. 937, 943 (E.D. Pa. 1995)).

Here, Defendant wants the Court to rethink what it already thought through in its original decision.  The Court discussed the appellate waiver provision in its Footnote Order and correctly applied existing Third Circuit precedent.  (See Doc. No. 57 at 1-2.)  Further, Defendant's term for supervised release is set to end in about four months, on March 5, 2022, and no convincing reason has been given to justify early termination.  (See Doc. No. 61.)  Therefore, Defendant's Motion for Reconsideration will be denied.

2